Affirmed and Memorandum Opinion filed February 17, 2011



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00374-CR



 

Russell Simien, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 1243038



 

MEMORANDUM  OPINION

 

Appellant Russell Simien was convicted of theft—third
offense and sentenced to three years in the Institutional Division of the Texas
Department of Criminal Justice.  On appeal he challenges the sufficiency of the
evidence to support his conviction.  We affirm.

Background

Appellant was in the Marshall’s store in the Galleria
area of Houston when his behavior attracted the attention of the store
detective Phillip McDuell.  McDuell testified that he noticed appellant was
wandering the store and looking at the ceiling.  He stated this was suspicious
because the store’s video cameras are on the ceiling and thieves often look for
them to avoid detection.  McDuell observed appellant on the store’s video camera,
and saw him select several pairs of men’s boxer shorts, remove them from the
hangers, fold them, and put them down the front of his pants.  McDuell asked
his supervisor to continue watching appellant on camera while he walked to the
floor of the store and watched him.  McDuell observed appellant walk past the
cash registers and out of the store with the boxer shorts in his pants. 
Outside the store McDuell approached appellant and asked him to return to the
store’s security office.  In the security office, McDuell asked appellant if he
knew “what this was all about.”  Appellant responded that he did and gave
McDuell the boxer shorts.  Appellant’s activity was recorded on the store’s
security system and the recording was played for the jury.

James Dalrymple, a Harris County crime scene
investigator testified that appellant had previously been convicted twice of
theft—third offense.

Appellant testified in his own behalf.  He testified
that he had the boxer shorts in his pants when he left the store.  He further
testified that he had been convicted of theft in 1999, 2004, and 2006.  He also
admitted that he previously had been found guilty of theft—third offense on May
18, 2008 and June 12, 2009.  The jury found appellant guilty, found the
enhancement paragraphs true, and assessed punishment at three years in prison.

Sufficiency
of the Evidence

In two issues, appellant contends the evidence is
legally and factually insufficient to support the conviction for theft—third
offense.  Specifically, appellant asserts that the State failed to show that
appellant committed this offense.  

In evaluating the legal sufficiency of the evidence
to support a criminal conviction, we view all of the evidence in the light most
favorable to the verdict and determine whether a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979).  The jury is the exclusive judge of
the credibility of the witnesses and of the weight to be given their testimony,
and it is the exclusive province of the jury to reconcile conflicts in the
evidence.  Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).  Hence,
we do not reevaluate the weight and credibility of all the evidence or
substitute our judgment for the fact finder’s.  King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000).

With regard to the factual sufficiency of the
evidence, a majority of the judges of the Court of Criminal Appeals recently
determined that “the Jackson v. Virginia legal-sufficiency standard is
the only standard that a reviewing court should apply in determining whether
the evidence is sufficient to support each element of a criminal offense that
the State is required to prove beyond a reasonable doubt.”  Brooks v. State,
323 S.W.3d 893, 894 (Tex. Crim. App. 2010) (plurality op.)(Hervey, J., joined
by Keller, P.J., Keasler, and Cochran, J.J.); id. at 912 (Cochran, J.,
concurring, joined by Womack, J.) (same conclusion as plurality).  Therefore,
we will review the evidence under the standard set out in Jackson v.
Virginia.

A person commits the offense of theft if he
unlawfully appropriates property with the intent to deprive the owner of
property.  Tex. Penal Code Ann. § 31.03(a).  A person commits the offense of
theft—third offense, a state jail felony, if the value of the property stolen
is less than $1,500 and the defendant has been previously convicted two or more
times of any grade of theft.  Tex. Penal Code Ann. § 31.03(e)(4)(D).

If it is shown at the trial of a state jail felony
that the defendant previously has been finally convicted of two state jail
felonies, on conviction the defendant shall be punished for a third-degree
felony.  Tex. Penal Code Ann. § 12.42(a)(l).  The range of punishment for an
individual adjudged guilty of a third-degree felony is imprisonment for 2 to 10
years in the Texas Department of Criminal Justice.  Tex. Penal Code Ann. §
12.34(a).

The record reflects that McDuell, the store
detective, observed appellant steal the boxer shorts from the store.  The theft
was recorded on a security camera and the recording was shown to the jury.  A
crime scene investigator testified that appellant’s fingerprints matched those
of the individual who had twice been convicted of theft—third offense. 
Finally, appellant admitted that he stole the boxer shorts from Marshall’s and
admitted he previously had been convicted of theft—third offense.  Viewing the evidence
in the light most favorable to the verdict, we conclude a rational trier of
fact could have found the essential elements of theft—third offense beyond a
reasonable doubt.  Appellant’s two issues are overruled.

The judgment of the trial court is affirmed.

 

                                                                        PER
CURIAM

 

 

 

Panel consists of Chief Justice Hedges and Justices Frost and
Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).